IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 21- CA- 4030

Denise Cotton
    Plaintiffs,
vs.

Walmart, Inc.,
    Defendant.
_____/

## COMPLAINT

Plaintiff, Denise Cotton, a retired school principal aged 73 years old with several health issues which have been gravely aggravated by the defendant's negligence, sues Defendant, Walmart, Inc., and as permitted by F.S. 415.1115 immediately moves for speedy trial, and alleges:

1. This is an action for damages exceeding $30,000.00 and comes within the jurisdiction of this Court.

2. Plaintiff, Denise Cotton, is a resident of Palm Beach County, Florida.

3. Defendant, Walmart, Inc., is a Florida Corporation authorized and doing business at 3200 Old Boynton Road, Boynton Beach, Florida 33426.

4. The evidence shows that at that location, on 11/2/19 at approximately 1345, the defendant invited the plaintiff, Denise Cotton to spend her hard earned retirement money at the Walmart as described in paragraph 3 above.

5. The defendant failed to use the care a reasonable person would use to keep the premises safe.

6. The defendant placed obstacles in the aisles that Denise Cotton was forced to navigate while shopping.

7. The obstacles were boxes.

8. The defendant neglected to warn shoppers of the hazards of negotiating the boxes.

9. When Principal Cotton attempted to pivot on a box that was blocking her path, it collapsed under her throwing her to the hard concrete Walmart floor.

10. Walmart's negligence directly, proximately and severely broke Principal Cotton's leg.

11. Principal Cotton was rushed to emergency surgery.

12. Principal Cotton then was forced to undergo a lengthy time in a rehabilitation home where she was forced to spend her holidays in a depressing setting – a nursing home.

13. On or about 11/2/19, at approximately 1345 Defendant was responsible as the owner, operator of the subject premises to use reasonable care to maintain its aisles free from obstructions.

14. On 11/2/19 at all times material hereto, and at the time of the incident complained of, the defendant Walmart owned, operated, maintained, and controlled a store located as described above.

15. On 11/2/19 Plaintiff, Denise Cotton was a business invitee who was lawfully on the defendant, Walmart's premises when the defendant failed to use reasonable care by improperly maintaining obstructed aisles, blocked by large boxes which, although sturdy appearing to the untrained customers, were ready to collapse and presented an unreasonably dangerous condition (the obstructed walkways/aisles) so that when Denise Cotton attempted to negotiate them, she was thrown to the floor and was thereby severely and permanently injured.

### COUNT I – NEGLIGENCE

16. Plaintiff Denise Cotton fully realleges and reavers the allegations contained in paragraphs 1 – 15 above and further states:

17. At all times material hereto the defendant Walmart, by and through its agents and employees owed a duty to the plaintiff, Denise Cotton, a duty to maintain and keep the subject premises in a reasonably safe condition.

18. At the subject time and place, the defendant Walmart, acted negligently and carelessly and breached its duty of care in one or more of the following ways:

   a. by obstructing the shopping pathways, thus failing to properly maintain the walkways in the store;

   b. by failing to detect, barricade or remove the boxes, obstructions from the shopping pathways, walkways at the subject premises although it knew or in the exercise of reasonable care, should have known, especially in light of its position of greater experience and knowledge, of the existence of the dangerous condition and it further represented to the shopping customers that the premises were safe and suitable when in fact they were not safe due to the presence of the hazardous condition, namely the obstructed aisles;

   c. failing to use the care a reasonable person would use to properly inspect the premises for dangerous conditions;

   d. Failing to train its employees to keep the walkways, shopping pathways, clear and safe by removing obstructions to them;

e. Failing to warn customers and Denise Cotton of the dangers inherent in negotiating the unusual obstructions to the shopping pathways, aisles, walkways;

f. having a negligent mode of operation in maintaining and inspecting the the subject shopping pathways, walkways, aisles or by negligently not adhering to its own mode of operation.

19. Defendant, Walmart, knew or should have known that its walkways would be negotiated by numerous invitees, elderly, young, disabled who defendant Walmart invited to spend their money, and thus Walmart should have maintained the shopping pathways, walkways, aisles in a reasonably safe manner because failing to do so foreseeably would caused severe injuries and even death.

20. Defendant Walmart had actual knowledge of the dangerous condition because it caused the dangerous condition by its practices, policies and procedures and therefore should have acted to remedy it.

21. The defendant's employees created and walked on the subject shopping pathways, on a continuing and ongoing basis thereby placing the defendant on actual or constructive knowledge of the dangerous condition.

22. Defendant Walmart is vicariously liable for the negligence of its agents and employees under the doctrine of Respondeat Superior.

23. Defendant Walmart's negligence and carelessness directly and proximately caused Denise Cotton, a senior citizen, retiree, an elementary pubic school principal with over 45 years of service, severe, permanent injures, harms, losses, damages, physical pain in the past and the future, emotional suffering in the past and in the future, aggravation of

pre-existing conditions, mental anguish past and future, loss of capacity to enjoy life, past and future, past and future medical expenses, permanent disfigurement. These injuries are permanent and are such that they are continuing in nature and will cause suffering for the rest of Denise Cotton's life.

WHEREFORE, Plaintiff demands judgment for damages against Defendant in an amount in excess of $30,000 and demands speedy trial by jury pursuant to F.S. 415.1115 (PLEASE SEE ATTACHED MOTION) in all matters so triable.

DATED this 3/22/21.

LEE E. LEVENSON, TRIAL LAWYER PA
Attorneys for Plaintiff
1500 Gateway Blvd
Suite 220
Boynton Beach, FL 33426
Phone: (561) 739.7969 / Fax: (561) 634.3763
Email: Lee@KeepCalmLaw.com
By:/s/ Lee Levenson
Lee Levenson, Esquire - FBN: 2429
Lee Direct 561.523.2118